UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KARLA DIAZ,<br><br>              Petitioner/Plaintiff,<br><br>- *against* -<br><br>THE COUNTY OF WESTCHESTER, and<br><br>PAUL CHENARD,<br>in his official and individual capacity<br>as Program Administrator, Westchester County<br>Department of Public Works and Transportation,<br><br>              Respondents/Defendants. | **NOTICE OF REMOVAL**<br><br>From the<br>Supreme Court of<br>the State of New York,<br>County of Westchester<br><br>Index No.<br>62404/2026 |

**PLEASE TAKE NOTICE** that respondents/defendants The County of Westchester (the "County") and Paul Chenard, in his official and individual capacity (collectively, "Respondents/Defendants"), pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby remove the proceeding/action titled *Karla Diaz v The County of Westchester; and Paul Chenard, in his official and individual capacity as Program Administrator, Westchester County Department of Public Works and Transportation*, Index No. 62404/2026 (the "Matter"), to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1.      On April 17, 2026, petitioner/plaintiff Karla Diaz (hereinafter, "Petitioner/ Plaintiff") filed with the Supreme Court of the State of New York, County of Westchester (i) a verified petition and complaint, dated and verified on March 30, 2026 (hereinafter, "Petition/Complaint"); (ii) a notice of petition, dated March 30, 2026 (the "Notice of Petition"); and (iii) a request for judicial intervention, dated April 17, 2026 (the "RJI"). *See* Exhibit A (Petition/Complaint); Exhibit B (Notice of Petition); Exhibit C (RJI).

2.      Thereafter, on May 14, 2026, Petitioner/Plaintiff filed a letter to the Honorable George E. Fufidio, Jr., Acting Justice of the Supreme Court ("Judge Fufidio"), notifying him that Plaintiff had not served either Respondent/Defendant and requesting informally an adjournment of the return date set forth in the Notice of Petition. *See* Exhibit D (First Letter to Court).

3.      On June 25, 2026, Petitioner/Plaintiff filed a proposed order to show cause seeking, *inter alia*, an extension of time to serve the Petition/Complaint (the "Proposed OtSC"); an affirmation in support of the proposed OtSC (the "Affirmation"); and a second letter to Judge Fufidio. *See* Exhibit E (Proposed OtSC), Exhibit F (Affirmation), Exhibit G (Second Letter to Court).

4.      As of this writing, Petitioner/Plaintiff has not filed any other documents in the Matter; Judge Fufidio has neither granted nor denied the Proposed OtSC; and none of the Respondents/Defendants has been served. *See* Exhibit H (NYSCEF Docket).

5.      On Thursday, June 25, 2026, while reviewing the publically available New York State Courts Electronic Filing docket ("NYSCEF"), the undersigned discovered that the Matter had been commenced as against the County.

6.      That discovery marked the first time that the County became aware of the Matter.

7.      That discovery did not and does not constitute service upon either Respondent/ Defendant. *See* N.Y. C.P.L.R. § 311(a)(4); *see also* Fed. R. Civ. P. 4(c).

8.      Respondents/Defendants have not been served, they do not waive service, and they explicitly reserve their right to move to dismiss the Matter for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); *see also* 28 U.S.C. § 1448 ("In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process, . . . such . . . new process issued in the same manner as in cases originally

2

filed in such district court"); *see also e.g.*, *Lynch v. County of Herkimer*, No. 20-CV-0063 (BKS), 2020 WL 13915508, 2020 U.S. Dist. LEXIS 273029, at *5–6 (N.D.N.Y., Mar. 27, 2020).

9.    Despite the absence of service, the instant removal is both ripe and timely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, <u>through service or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . ." (emphasis added)); *see also, e.g.*, *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704–05 (2d Cir. 2019) (recognizing pre-service removal); *Welch v. Hertz Car Rental Agency*, No. 18-CV-0717 (EAW), 2019 U.S. Dist. LEXIS 43962, at *11–12 (W.D.N.Y., Mar. 18, 2019) (same).

10.    In accordance with 28 U.S.C. § 1446(a), all of the process and pleadings in the Matter to which the County has access are annexed hereto.

11.    In the Petition/Complaint, Petitioner/Plaintiff asserts two causes of action against Respondents/Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of Petitioner/ Plaintiff's rights under the United States Constitution. *See* Exhibit A (Complaint) ¶¶ 66–74 (Fourth Cause of Action, Procedural Due Process) ¶¶ 75–82 (Fifth Cause of Action, Deprivation of Liberty Interest).

12.    This case falls squarely within this Court's federal question jurisdiction. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising the under the Constitution, laws, or treaties of the United States.").

13.    Pursuant to 28 U.S.C. § 1441(a), County Defendants are permitted to remove the Matter to federal court. *See id.* ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

3

States for the district and division embracing the place where such action is pending."); *see also*

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982) ("Title 42 U.S.C. § 1983 provides a

remedy for deprivations of rights secured by the Constitution and laws of the United States when

that deprivation takes place 'under color of any statute, ordinance, regulation, custom, or usage of

any State or Territory . . . .'" (quoting 42 U.S.C. § 1983)); *see e.g.*, *Miller v. Annucci*, No. 19-cv-

0030 (LEK), 2019 WL 2370295, 2019 U.S. Dist. LEXIS 94049, at *6–7 (N.D.N.Y. June 5, 2019)

(holding that an "action was properly removed in accordance with §§ 1441(a) and 1446" where

complaint asserted claims pursuant to, *inter alia*, 42 U.S.C. § 1983).

14.     Petitioner/Plaintiff's assertion of non-federal claims pursuant to Article 78 of the

New York Civil Practice Law and Rules does not abrogate Respondents/Defendants' right of

removal. *See Garofalo v. City of New York*, No. 22-CV-7620 (NRM), 2023 WL 3792514, 2023

U.S. Dist. LEXIS 96615, *12–16 (E.D.N.Y., June 2, 2023) (collecting cases); *cf. UBS Sec. LLC v.*

*Dondero*, 705 F. Supp. 3d 156, 167 (S.D.N.Y. 2023) ("[W]hen presented with a hybrid petition

under CPLR § 5226(b) [(*i.e.*, a Turnover Proceeding)], supplemental jurisdiction can be

established over transactionally-related state claims, such that severance and remand are not

mandatory . . . .").

15.     As the Matter is pending in the Supreme Court of the State of New York, County

of Westchester, the Southern District of New York is the district court of the United States for the

district and division embracing the place where the Matter is pending. *See* 42 U.S.C. § 1441(a).

16.     Pursuant to "rule of unanimity," upon removal "'all defendants who have been

properly joined and served must join in or consent to the removal of the action.'" *Taylor v.*

*Medtronic, Inc.*, 15 F.4th 148, 150 (2d Cir. 2021) (quoting 28 U.S.C. § 1446(b)(2)(A)).

17.     Every Respondent/Defendant joins in and consents to this removal.

18.     In advance of this filing, Respondents/Defendants served Petitioner/Plaintiff with a copy of this Notice of Removal. *See* Exhibit I (Affirmation of Service).[1]

19.     Respondents/Defendants will promptly file a copy of this Notice of Removal with the Clerk of the Court, Supreme Court of the State of New York, County of Westchester. *Cf.* 28 U.S.C. § 1446(d).

20.     Respondents/Defendants will promptly serve Petitioner/Plaintiff with a filed copy of this Notice of Removal and attendant exhibits.

21.     This submission does not constitute a waiver of any defense available to the Respondents/Defendants, including but not limited to any defense under Rule 12 of the Federal Rules of Civil Procedure.

[*Remainder of Page Intentionally Left Blank*]

---

[1] For obvious reasons, Exhibit I was not included in the pre-filing copy of the Notice of Removal that was formally served on Petitioner/Plaintiff.

**WHEREFORE**, Respondents/Defendants respectfully request that the above-captioned proceeding/action, now pending in the Supreme Court of the State of New York, County of Westchester, be removed therefrom to this Court.

DATED:  White Plains, New York
        June 29, 2026

**JOHN M. NONNA**
Westchester County Attorney
*Attorney for County Defendants*

By: _____
    Sean T. Carey
    Associate County Attorney, of Counsel
    Michaelian Office Building
    148 Martine Avenue, Room 600
    White Plains, New York 10601
    (914) 995-2243
    stca@westchestercountyny.gov

CC:  Brandon J. Walters, Esq. (*via Regular Mail*)
     LAW OFFICE OF BRANDON J. WALTERS, PLLC
     *Attorney for Petitioner/Plaintiff*
     52 Duane Street, 7th Floor
     New York, NY 10007
     (212) 960-8069
     Brandon.walters@aflblaw.com

6